Carroll,
No. 5409.

## Memorial Hospital

*v.*

## Carroll County and Town of Ossipee.

Argued December 7, 1965.
Decided January 31, 1966.

*Burnham B. Davis* ( by brief ), for the plaintiff.

*William D. Paine,* county attorney ( by brief and orally ), for Carroll county.

*Preston B. Smart* ( by brief ), for the town of Ossipee.

Wheeler, J. The reserved case is silent as to the form of action transferred here, but in its brief, Carroll county states that it is "an action in Equity to revise the disallowance of a claim" for certain hospital services rendered to certain children and the wife of William Googoo at the plaintiff's hospital. The case was submitted on an agreed statement of facts. The Court ( *Sullivan,* J. ) on the basis of the agreed statement of facts ruled that William J. Googoo did not have a settlement in either the town of Conway or the town of Ossipee at the time the services of petitioner were incurred and that Carroll county is ultimately liable for said charges. To this ruling defendant, Carroll county, excepted and requested that the following issues should be decided on the agreed statement of facts: "( 1 ) Did William Googoo have a settle-

ment in the Town of Ossipee at the time the charges in question were incurred? ( 2 ) If William Googoo did have a settlement in the Town of Ossipee, did the Town of Ossipee require notice and if so did the Town receive the proper notice required by statute? ( 3 ) If proper notice as required by statute was not received by the Town of Ossipee, was there a waiver of notice by the Town of Ossipee"? All questions of law raised thereby were reserved and transferred by *Dunfey*, J.

After the case was entered here all interested parties agreed and stipulated "that since the County of Carroll has paid the plaintiff in full, reserving its rights against the Town of Ossipee, only said County and Town are parties to the appeal, and neither the plaintiff nor the Town of Conway has any further interest in said appeal." Since the original plaintiff has withdrawn from prosecuting its claim we consider the issues in dispute here as a disagreement between the town and the county commissioners of Carroll county. RSA 28:16; *Plymouth* v. *County*, 68 N. H. 361.

The pertinent provisions of the agreed statement of facts may be summarized as follows: William J. Googoo became domiciled in the town of Ossipee on July 13, 1952 and remained resident of said town until September 13, 1957 when he and his family removed to Conway where they have since resided. During the period of his residence in Ossipee said Googoo was more than 21 years of age. He and his family were assisted as paupers by the selectmen of the town of Ossipee on August 7, 1956, September 25, 1956 and March 26, 1957. The August 7 payment was for a prescription furnished his daughter, Pamela, in the amount of $2.75 on July 14, 1956. The September 25th payment was to the Center Ossipee Market for groceries furnished his wife, Muriel Googoo, from July 2 to July 20, 1956 in the amount of $23.65. The March 26th payment was again for groceries at the Center Ossipee Market furnished Muriel Googoo from January 16, 1957 to January 23, 1957 in the amount of $9.50.

After the family moved to Conway bills were incurred for hospitalization of the minor children in the Memorial Hospital beginning in January 1958 for various physical ailments which in total amounted to $1,653.89. William J. Googoo was responsible for these charges but was a pauper and unable to support himself and his family during all the period when these hospital charges were incurred. The town of Ossipee refused to pay the claim on the grounds that Googoo had no settlement in that town for the reason that he "did not have a home there for five

consecutive years, having been assisted as a pauper during the period of such residence." The town also refused to pay on the grounds that no proper notice was given to it under RSA 165:22. The only notice which the town had of this claim was on February 14, 1958 when a visiting nurse of the State Department of Health conferred at Ossipee with two of the county commissioners and one of the Ossipee selectmen and informed them as to the situation in reference to Gary Googoo, the son of William, advising that he had been hospitalized for various diseases and that Stephen, another son, was then a patient at plaintiff's hospital suffering from empyema. Neither the county commissioners nor the selectmen of Ossipee conceded responsibility on the part of county or town but all present agreed to the hospitalization of the Googoo children and that when it should later be determined as to which municipality was legally responsible that municipality would pay the expenses of the hospitalization. The plaintiff billed the town of Ossipee on March 10, 1958 and June 29, 1958. On each occasion the selectmen notified the plaintiff that they denied liability because the Googoo family had no settlement in Ossipee.

One of the county commissioners at some time prior to March 10, 1958 notified the plaintiff that in his opinion the town of Ossipee was responsible but that if Ossipee did not pay the county would if it proved to be a county case. The plaintiff on or about September 15, 1959 submitted its claim in due and proper form to the county commissioners for payment. The commissioners have disallowed this claim.

The town of Ossipee admits that William Googoo became domiciled there on July 13, 1952 and continued as a resident until September 13, 1957, a period of five years and two months. A legal settlement may be gained by a person in any town, so as to oblige the town to support him if poor and unable to support himself in the following manner: "DOMICILE. Any person of the age of twenty-one years who shall have had his domicile in any town in this state for five consecutive years shall thereby gain a settlement in such town." RSA 164:1 IX. The same chapter further provides: "ASSISTED PERSON. No person shall have a home for the purpose of gaining a settlement *while assisted as a pauper.*" ( Emphasis supplied ). RSA 164:7.

It is the contention of the town of Ossipee that William Googoo did not acquire a settlement since he did not have his domicile

there for five consecutive years without pauper aid. In other words it is the position of the town that once a pauper receives assistance the running of the five-year settlement period is broken and in order to acquire a settlement it was necessary for him to reside in Ossipee for five consecutive years after the last assistance payment. With this contention we cannot agree.

The Googoo family received pauper aid on three different periods during their five years and two months residence in Ossipee. The sum total of these periods adds up to approximately 26 days which if deducted from the period of their continuous residence in Ossipee still leaves a total residence of over five consecutive years. We think the clear intent of the statute expressed by the words "while assisted as a pauper" indicates a purpose to toll the running of the five-year residency requirement only during that period when such assistance is received, and not otherwise. *Croydon* v. *Sullivan,* 47 N. H. 179; *Choate* v. *Inhabitants of Rochester,* ( Mass. ) 13 Gray 92. We therefore hold that William Googoo had gained a settlement in the town of Ossipee.

We next consider the contention of the town of Ossipee that it is not liable regardless of any settlement since it did not receive proper statutory notice stating the sums expended for aid to the William Googoo family in accordance with the provisions of RSA 165:21. One purpose of the required notice is obviously " . . . to afford the town sought to be charged an opportunity to find out whether the person aided in fact has a settlement in that town so as to make it chargeable, a matter not always free from difficulty and frequently involving inquiry of persons having knowledge of the determinative facts." *Wolfeboro* v. *Milton,* 103 N. H. 174, 176.

While it may be thought that the town of Ossipee through its selectmen waived any notice of claim required by RSA 165:22 by joining with the two county commissioners in assuring the visiting nurse that the municipality legally responsible would pay the expenses of hospitalization, the determination of this issue is not required since we consider that under the stipulation of the parties, the issue before us is the determination of a disagreement between Carroll county and the town of Ossipee in which the town occupies the position of the original claimant. *Lyman* v. *Littleton,* 50 N. H. 42, 47-48. RSA 28:16 provides: "If any disagreement shall arise between any claimant and the commissioners, relative to any claim in favor or against the county, the same may be submitted to the court for decision." No notice of such claim by the

county is required under the provisions of RSA 28: 16-19.

We therefore hold that since William Googoo was domiciled in the town of Ossipee for five consecutive years he has gained a settlement there and the town is liable to the county for the sums which the county expended for hospitalization of the Googoo family.

*Exception of Carroll county sustained;*
*remanded.*

All concurred.